UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CHRISTOPHER WHITE,

                              A Civil Action - No: 3:21-cv-226

    Plaintiff,

v.

JACKSONVILLE BEACH POLICE                     COMPLAINT
DEPARTMENT; P.F. WATKINS; E.D.
FILBERT; CITY OF JACKSONVILLE
BEACH; BRUCE THOMASON;
JOHN DOE #1                                     Jury Trial Demanded

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff seeks money damages and equitable relief from Defendants for violating his constitutional rights, and injunctive relief to prevent injury to himself in the future. He also brings forward supplemental claims for violations of Florida state law.

2. Plaintiff was the victim of excessive force by Defendants P.F. Watkins, John Doe #1 and E.D. Filbert in violation of the Fourth Amendment to the U.S. Constitution and Florida state tort laws.

3. Plaintiff brings suit under 42 U.S.C. § 1983.

4. Plaintiff has served notice of his state law claims in compliance with § 768.28, Florida Statutes. *A copy of said Notice is attached hereto and marked as Exhibit "A".*

## JURISDICTION

5. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 (declaratory relief),

1

and 42 U.S.C. §§ 1981, 1983, 1988.

6. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

7. This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

## VENUE

8. Venue is proper in this district based on 28 U.S.C. § 1391(b), as Defendants are residents of this district and the acts or occurrences giving rise to these claims occurred in this district.

## PARTIES

9. Plaintiff Christopher White resides in Jacksonville, Florida. He was 48 years old at the time of the incidents described in this Complaint.

10. Defendants are all, upon information and belief, Florida municipal entities and/or individual members of law enforcement agencies.

11. Defendant, CITY OF JACKSONVILLE BEACH ("CITY"), is a municipality duly incorporated and existing under the laws of the State of Florida. The CITY established and maintains the Jacksonville Beach Police Department ("JBPD"), as a constituent department or agency. The CITY is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the CITY and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States. Plaintiff bases all applicable and appropriate claims as to CITY on the doctrines of *respondeat superior* or vicarious liability, and municipal liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

12. Defendant Bruce Thomason was, at all times relevant, the Chief of Police of JBPD. He is sued in his personal, official, and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

13. Defendant P.F. Watkins was, at all times relevant, an officer in the JBPD. He is sued in his personal, official, and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

14. Defendant E.D. Filbert was, at all times relevant, an officer in the JBPD. She is sued in her personal, official, and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

15. Defendant John Doe #1 was, at all times relevant, an officer in the JBPD. He is sued in his personal, official, and individual capacities pursuant to § 768.28, Florida Statutes and other applicable law.

16. All Defendant law enforcement officers, agents and/or employees were, at all times relevant to this Complaint, working as on or off duty licensed Florida peace officers acting under color of state law and within the scope and course of their official duties and employment as officers.

## FACTS

17. On or about August 13, 2017, Plaintiff was dining at "The Surfer Bar" located at 200 1st N., Jacksonville Beach, Florida 32250.

18. While dining at the aforementioned location, Plaintiff was involved in a physical altercation with an employee of the bar who hit Plaintiff over the head with a beer bottle. Plaintiff did not fight back.

19. This caused the on-duty bartender to call local law enforcement to de-escalate the

situation.

20. Plaintiff paid his check and was asked to leave due to the altercation with the employee.

21. Plaintiff, upon retrieving his credit card from the counter, left The Surfer Bar as requested without further incident.

22. Defendant P.F. Watkins, who was on duty for the Jacksonville Beach Police Department, received the call from dispatch and drove to the area.

23. Plaintiff met with the Defendant police officers, E.D. Filbert and P.F. Watkins, outside the entrance to the restaurant.

24. The aforementioned police officers, without a statement of the Plaintiff or any sort of investigation, insisted that Plaintiff submit to arrest for "battering a bartender."

25. Plaintiff attempted to explain the situation and misunderstanding to the officers attendant, namely that he was assaulted, but was ignored and was repeatedly told to submit.

26. Plaintiff was unarmed.

27. Plaintiff made no threatening gestures or statements.

28. Plaintiff repeatedly told the officers attendant that he was not resisting.

29. The officers attendant then began to exercise excessive force. Officer P.F. Watkins, without provocation or necessity, tasered the Plaintiff.

30. Seeing that Officer P.F. Watkin's taser was ineffective, Officer E.D. Filbert fired her taser at the Plaintiff as well.

31. The Plaintiff asked the officers to "stop doing that."

32. Still offering no resistance and posing no threat, when Officer Filbert's taser proved ineffective Officer Watkins assaulted the Plaintiff with his baton and attempted to hold it against

Plaintiff's throat to execute a headlock.

33. The Plaintiff pulled away from the officer as he could not breath and continued to attempt to discuss the situation and attempted arrest.

34. Officer Watkins then began striking the Plaintiff with his baton at Plaintiff's legs and stomach a total of five (5) times while Officer Filbert tasered the Plaintiff again.

35. Finally, Officer Watkins struck the Plaintiff across the back of his head with his baton.

36. As Officer Watkins struck the Plaintiff across the back of his head, John Doe #1 approached from behind and tasered the Plaintiff directly at his spine. The Plaintiff's body went rigid and he dropped backwards with his back landing across the street curb.

37. As Officer Watkins attempted to restrain the Plaintiff by placing his knee and applying pressure to the Plaintiff's chest, the Plaintiff rolled over to prevent further injury and harm to himself.

38. While the Plaintiff was flat chested on the ground and continuing to state he was not resisting arrest, all officers attendant, Officer Watkins, Officer Filber, and John Doe #1, held the Plaintiff down by kneeling on him with the Plaintiff's chest across the curb of the street. The Plaintiff repeatedly told the officers he was injured and could not breathe while they continued to "dog pile" on top of him.

39. The assault lasted approximately 45 seconds.

40. After Plaintiff was handcuffed, Plaintiff was placed in the back of Defendant Filbert's squad car. Plaintiff requested medical attention due to his head injury and fall.

41. Defendant Filbert transported Plaintiff to the Baptist South Hospital, where after emergency assessment by the medical staff, Defendant Filbert transported Plaintiff from the

hospital to the Duval County Jail.

42. At no point before Plaintiff's arrival at the Duval County Jail were attempts made to verify Plaintiff's identity.

43. Officers Watkins and Filbert wrote reports alleging the Plaintiff committed the offenses of battery, disorderly conduct, and resisting officers.

**Violations of Policy**

44. Upon information and belief, Defendants Watkins, Filbert, and John Doe #1 failed to fill out Use of Force reports.

45. This oversight is normal practice or custom for officers in the JBPD, and upon information and belief, the department does not discipline officers for failing to document their use of force. JBPD does not take seriously the excessive force used by its officers despite the widespread community concerns expressed by lawyers, nurses, and the public at large. Use of Force reports are also a well-established best practice for police departments.

46. Upon information and belief, neither the JBPD nor the City of Jacksonville Beach have conducted any investigation into Plaintiff's assault despite their awareness of it and despite such after-incident investigations being best practice for police departments.

**Excessive Force Violation**

47. On August 13, 2017, Plaintiff had a clearly-established constitutional right to be free from excessive force.

48. Plaintiff did not pose any threat to Defendants Watkins, Filbert, John Doe #1, other officers, or civilians.

49. Defendant John Doe #1 knew or reasonably should have known of the danger he placed Plaintiff into by his assault.

6

50. Defendant Filbert knew or reasonably should have known of the danger she placed Plaintiff into by her assault.

51. Defendant Watkins tasered and beat the Plaintiff in an excessive and dangerous manner and he knew or reasonably should have known that such actions could result in pain and harm to Plaintiff.

52. The actions of Defendants Watkins, Filbert, and John Doe #1 constituted clear excessive force.

53. Further, Defendants Watkins, Filbert, and John Doe #1 had an obligation to stop one another while witnessing such excessive force, not commit to a joint assault.

54. Upon information and belief, the JBPD and its employees have been sued before for excessive force violations, and the JBPD failed to investigate or take corrective action to prevent these excessive force violations from happening again.

55. Defendants' actions deprive Plaintiff of his right to be free from excessive force and they were motivated by an unconstitutional enforce policy, pattern of practice, and custom by the JBPD. The JBPD does not enforce their excessive force policies, they do not properly document incidents of force, they do not investigate allegations of excessive force, and they engage in a policy, pattern of practice, or custom of failing to reprimand or discipline any officer for excessive force. Defendant's failure to address excessive force by JBPD officers amounted to tacit approval of the use of excessive force.

56. All Defendants were state actors acting under color of state law.

**Injunctive Relief**

57. As a result of the excessive force to which he was subjected, Plaintiff felt violated and degraded. Defendants violently attacked Plaintiff without any justifiable legal cause. Plaintiff

fears that he could experience similar arbitrary and unjustifiable attacks by Defendant agencies and individuals in the future. Plaintiff continues to reside near and about the Jacksonville Beach community. He is also concerned that police will target him because he reported the incident and has now commenced a lawsuit.

**COUNT I**
**42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)**
**Defendants Watkins, Filbert, and John Doe #1**

58. All previous paragraphs are incorporated herein by reference as though fully set forth.

59. Plaintiff makes a claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

60. The Fourth Amendment does not permit Defendants to use excessive force. "The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment." *Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013) (citation omitted).

61. "We analyze the excessive force claims of pretrial detainees under an objective reasonableness standard." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

62. Circumstances relevant to the reasonableness of the officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Priester v. City of Rivera Beach*, 208 F.3d 919 (11th Cir. 2000).

63. The individual Defendants' use of force against Plaintiff was not reasonable under the circumstances, and was excessive.

64. Wherefore, as a direct and proximate result of the actions of Defendants Watkins,

Filbert, and John Doe #1, Plaintiff has suffered damages in amount in excess of $100,000.00.

## COUNT II
### 42 U.S.C. § 1983 (Monell) City of Jacksonville Beach, Jacksonville Beach Police Department, and Defendant Bruce Thomason

65. All previous paragraphs are incorporated herein by reference as though fully set forth.

66. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. *Monell*, 436 U.S. at 694-5.

67. Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983).

68. At all times relevant, Defendant City of Jacksonville Beach and the JBPD had a duty to properly train, supervise, and discipline their employees or agents.

69. Defendants breach that duty, in part, by:

    a. Improperly training, authorizing, encouraging or directing officers on proper use of force.
    b. Failing to investigate allegations of excessive force.
    c. Failing to discipline officers for violations of policy related to excessive force.

70. The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of Defendants Watkins, Filbert, and John Doe #1 and the Defendant entities' failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting in a deliberate indifference to Plaintiff's constitutional rights.

71. This unconstitutional behavior of officers is carried out pursuant to a policy, pattern

of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiff.

72. Defendant Thomason failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the JBPD.

73. The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiff.

74. Wherefore, as a direct an proximate cause of the actions of the Defendants, Plaintiff has suffered damages in an amount in excess of one hundred thousand dollars ($100,000.00).

## COUNT III
### 42 U.S.C. § 1983 (Fourth Amendment – Duty to Intervene)
### Defendants Watkins, Filbert, and John Doe #1

75. All previous paragraphs are incorporated herein by reference as though fully set forth.

76. Plaintiff brings this claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

77. John Doe #1's use of force against Plaintiff was excessive.

78. Defendant Filbert's use of force against Plaintiff was excessive.

79. Defendant Watkin's use of force against Plaintiff was appallingly excessive.

80. Defendants Watkins, Filbert, and John Doe #1 had a duty to intervene and protect Plaintiff but failed to do so in violation of *Putman v. Gerloff*, 639 F.2d 415 (8th Cir. 1981).

81. Wherefore, as a direct and proximate result of Defendants Watkins, Filbert, and John Doe #1's actions, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT IV
### Intentional Torts: Assault, Battery, False Arrest, False Imprisonment, Intentional Infliction of Emotional Distress against Individually-named Defendants

82. All previous paragraphs are incorporated herein by reference as though fully set forth.

83. All of the individual Defendants named in this Complaint are employees, deputies and/or agents of municipalities.

84. All acts of the individual Defendants alleged above were conducted within the scope of the Defendants' employment or duties.

85. The actions of the individual Defendants were willful, malicious, and in violation of the known rights of Plaintiff.

86. On August 13, 2017, Defendant Watkins committed assault and battery upon Plaintiff when he intentionally discharged his taser at the Plaintiff, and inflicted bodily harm by striking Plaintiff repeatedly with his baton, including Plaintiff's head, as well as forcibly restraining Plaintiff while exacerbating the already inflicted injuries.

87. On August 13, 2017, Defendant Filbert committed assault and battery upon Plaintiff when she intentional discharged her taser at the Plaintiff and intentionally inflicted or attempted to inflict bodily harm when she held Plaintiff down with her knee with her fellow officers.

88. On August 13, 2017, Defendant John Doe #1 committed assault and battery upon Plaintiff when he intentionally discharged his taser at the Plaintiff's spine and intentionally inflicted or attempted to inflict bodily harm when he held Plaintiff down while exacerbating his already inflicted injuries.

89. Defendant Filbert, without probable cause or articulated suspicion, handcuffed and

put Plaintiff in his squad car before ever asking the Plaintiff to confirm events or even his identity.

90. Defendant Filbert falsely imprisoned Plaintiff in her squad car while she and Defendants Watkins and John Doe #1 investigated the original incident after the fact. Plaintiff's false imprisonment continued as Defendant Filbert transported Plaintiff to the Baptist South Hospital. Plaintiff's false imprisonment continued as Defendant Filbert transported Plaintiff from the hospital to the Duval County Jail. It was not until Plaintiff arrived at the Duval County Jail that his identity was confirmed by Defendant Filbert.

91. At all times, Plaintiff knew he was imprisoned by Defendant Filbert.

92. Defendants' conduct was intentional and done through the assertion of legal authority over Plaintiff.

93. Defendants' extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

94. Wherefore, as a direct and proximate cause of the actions of Defendants, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT V
**Negligence: Negligent Hiring, Negligent Retention, Negligent Supervision, Negligent Infliction of Emotional Distress
against City of Jacksonville Beach, Jacksonville Beach Police Department, Defendants Watkins, Filbert, and John Doe #1**

95. All previous paragraphs are incorporated herein by reference as though fully set forth.

96. All of the individual Defendants named in this Complaint are employees, deputies and/or agents of municipalities.

97. All acts of the individual Defendants alleged above were conducted within the scope of the Defendants' employment or duties.

98. Defendant City of Jacksonville Beach and the JBPD owed a duty of care to Plaintiff to exercise reasonable care in hiring, retaining, and supervising its employees.

99. Defendants City of Jacksonville Beach and JBPD knew or should have known of Defendants Watkins, Filbert, and John Doe #1's dangerous character based on prior complaints of excessive force violations and/or background checks including psychological evaluations.

100. Defendants City of Jacksonville Beach and JBPD breached their duty of care to Plaintiff by failing to properly supervise, provide training, and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of Plaintiff.

101. A hierarchy of rank was in place at the time of the incident, and the superior officer(s) present owed Plaintiff a duty of care to properly supervise the subordinate Defendant(s).

102. Those superior officer(s) breached their duty of care by not properly supervising their subordinate officer(s) involved in the incident with Plaintiff.

103. As a result of Defendants' negligent acts, Plaintiff reasonably feared for his safety and has suffered severe emotional distress.

104. Wherefore, as a direct and proximate cause of the actions of Defendants, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## DECLARATORY RELIEF

105. This suit involves an actual controversy within the Court's jurisdiction and the Court may declare the rights of Plaintiff under the Constitution and law of the United States and the laws of Florida and grant such relief as necessary and proper. Plaintiff seeks declaratory relief on his behalf.

106. Plaintiff seeks declaratory judgment that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions described herein violate the

Fourth Amendment to the U.S. Constitution and constitute excessive force in violation of Florida state law.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, and grant the following:

A. Enter a declaratory judgment on behalf of Plaintiff that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted excessive force in violation of the Fourth Amendment and in violation of Florida state law;

B. Enter judgment on behalf of Plaintiff against Defendants for reasonable actual damages sufficient to compensate him for the violation of his Fourth Amendment rights and rights under Florida state law;

C. Permanently enjoin and prohibit Defendants from interfering with Plaintiff's constitutional rights. Specifically, to enjoin Defendants from:

    a. Retaliating against Plaintiff or his family for bringing this lawsuit; and

    b. Subjecting Plaintiff to excessive force in the future.

D. Order Defendants to pay punitive and other exemplary damages based on 42 U.S.C. § 1983 claims;

E. Order Defendants to pay Plaintiff's attorneys' fees and costs as authorized by 42 U.S.C. § 1988; pre-judgment interest and any other relief deemed necessary and proper;

F. For leave to amend Complaint to include a claim for punitive damages under state law; and

G. Grant all other and additional relief to which Plaintiff may be entitled.



Dated: February 22, 2021      By: _____

CHRISTOPHER W. WICKERSHAM JR., ESQ.
Florida Bar Number: 91703
LAW OFFICES OF C. W. WICKERSHAM JR., P.A.
The Whiteway Building, Suite 205
2720 Park Street, Jacksonville, FL 32205
(904) 389-6202 Telephone
(904) 389-6204 Facsimile
Email: pleadings@chriswickersham.com
*Counsel to Plaintiff*